**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES W. ELSEY II,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>        Defendant-Appellee. | No. 18-35660<br><br>D.C. No. 3:17-cv-05633-JPD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Submitted October 22, 2019**
Seattle, Washington

Before: CLIFTON and IKUTA, Circuit Judges, and RAKOFF,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, District Judge for the Southern District of New York, sitting by designation.

James W. Elsey appeals the judgment of the District Court affirming the denial by an administrative law judge (ALJ) of his application for disability insurance benefits and supplemental security income. Like the District Court, we conclude the ALJ did not err in evaluating the medical evidence or Elsey's own testimony, and that the evidence later submitted to the Appeals Council does not undermine the ALJ's determination. Accordingly, we affirm.

The ALJ did not err in evaluating the medical evidence provided by nurse practitioner Veronica Darville and chiropractor Michael Koob. In both cases, the ALJ need only have provided germane reasons for discounting their evidence, *see Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017), and this standard was met. The ALJ determined that Ms. Darville's opinion was inconsistent with the other evidence provided. The ALJ also found that Dr. Koob failed to provide treatment notes to support his opinion and that his opinion was inconsistent with other examinations and imaging.

The ALJ also did not err in evaluating the medical evidence from Dr. Yoshihiro Yamamoto, Dr. Brian Iuliano, pain specialist Harvey Hall, and other medical providers. Under the relevant standard of review, "[i]f the evidence can reasonably support either affirming or reversing the [ALJ's] conclusion, th[is] court may not substitute its judgment for that of the [ALJ]." *Flaten v. Sec'y of*

*Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). As to each of those sources, Elsey provided an alternative understanding of the evidence but did not demonstrate that the ALJ's understanding was incorrect. Instead, in each case, substantial evidence supports the ALJ's interpretation of the medical evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

The ALJ also did not err in considering the evidence provided by state agency physician Dr. Gordon Hale. The report of a non-treating, non-examining source (such as Dr. Hale) is not required to be discounted unless contradicted by "all other evidence in the record." *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (emphasis omitted). Dr. Hale's evidence was not contradicted in such a manner. Additionally, the fact that Dr. Hale did not consider all of the evidence in his determination does not require the ALJ to discount his opinion. The regulations require that an ALJ evaluate the degree to which a non-examining source considers the evidence, not that a failure to consider all evidence requires the source to be discounted. *See* 20 C.F.R. § 404.1527(c)(3). The ALJ had the opportunity to consider this, and there is no indication that she erred in this regard.

Additionally, the ALJ offered specific, clear, and convincing reasons for rejecting Elsey's testimony regarding his symptoms. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). Even assuming that the District Court was

3

correct that the ALJ erred in evaluating Elsey's daily activities, the ALJ provided sufficient additional reasons to discount Elsey's testimony. First, the ALJ found that Elsey's testimony was not consistent with medical imaging or physical examinations. These inconsistences included a doctor's note that Elsey's reported pain was disproportionate to the results of an MRI, a reported heart attack of which doctors did not find any evidence, and the observation that his appearance was out of line with his reported sleep deprivation. Second, the ALJ found that Elsey's work history demonstrated a lack of motivation to work. We have previously held that a work history that was "spotty, at best, with years of unemployment between jobs" can negatively affect a claimant's credibility. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Elsey's work history falls into this pattern, as he had no earnings between 1997 and 2005, or in 2008. Each of these examples is a specific, clear, and convincing reason for discounting Elsey's testimony.

Finally, the new evidence presented to the Appeals Council, does not undermine the substantial evidence in favor of the ALJ's determination. In contrast to Elsey's claims, the evidence does not demonstrate that Elsey required surgery, but rather that he was a candidate for surgery. Being such a candidate did not necessarily indicate that Elsey was incapable of performing light work in the

4

meantime or that he had any additional limitations not accounted for in the ALJ's determination.

**AFFIRMED.**